# Central of Georgia Railway *v.* Sport.

*Action against Railroad Company to recover Damages for Injuring a Cow.*

1. *General affirmative charge; when properly refused.*—In the trial of a civil case, when there is conflict between the testimony of a witness for the plaintiff and the testimony of a witness for the defendant, upon a material issue, the general affirmative charge requested by either of the parties is properly refused.

2. *Action against railroad company for negligence in injuring a cow; charge as to engineer keeping a proper lookout.*—In an action against a railroad company to recover damages for the alleged negligent injuring of a cow, where, under the evidence, it is not free from adverse inference that the engineer was at the time and just before the cow was struck, keeping a lookout for obstructions on the track, a charge is properly refused, which instructs the jury "if you believe the evidence the engineer at the time of and just before the accident was keeping a lookout for obstructions on the track."

3. *New trial; when properly refused.*—On the trial of a civil case where, under the evidence, the right of plaintiff to recover was clearly a question for the determination of the jury, the defendant's motion for a new trial, upon the ground that the verdict of the jury in favor of the plaintiff was contrary to the evidence, is properly overruled.

APPEAL from the Circuit Court of Crenshaw.

This was an action brought by the appellee, T. B. Sport, against the Central of Georgia Railway Company, to recover damages for the alleged negligent injuring of a cow, which was the property of the plaintiff.

The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion. Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If you believe the evidence, your verdict

24

should be for the defendant." (6.) "If you believe the evidence the engineer at the time of and just before the accident was keeping a lock-out for obstructions on the track."

There were verdict and judgment for the plaintiff, assessing his damages at fifty-five dollars ($55.00). The defendant made a motion for a new trial upon the ground that the verdict of the jury was contrary to the evidence. This motion was overruled, and the defendant duly excepted.

The defendant appeals and assigns as error the refusal of the court to give the first and sixth charges respectively, and the overruling of this motion for a new trial.

CHARLES P. JONES and W. F. THEDFORD, for appellee. Cited *E. T. V. & G. R. R. v. Bayliss*, 74 Ala. 150; *E. T. V. & G. R. R. v Bayliss*, 75 Ala. 466; *E. T. V. & G. R. R. v. Bayliss*, 77 Ala. 429; *A. G. S. R. R. v. Chapman*, 80 Ala. 615; *Western Railway v. Lazarus*, 88 Ala. 453; *A. G. S. R. R. v. Moody*, 90 Ala. 46; *Central of Georgia Ry. v. Foshee*, 125 Ala. 199.

M. W. RUSHTON, *contra.*—Cited *L. & N. R. R. Co. v. Lancaster*, 121 Ala. 471; *Anderson's case*, 109 Ala. 129; *Moody's case*, 99 Ala. 553; *Daniel's case*, 122 Ala. 362; *Birmingham Ry. & Electric Co. v. Wildman*, 119 Ala. 554; *A. G. S. R. R. Co. v. Davis*, 119 Ala. 572; *East Tenn. Va. & Ga. R. R. Co. v Watson*, 90 Ala. 41.

TYSON, J.—Action for damages for negligently injuring a cow, the property of the plaintiff, in which a recovery was had and from which defendant appealed. It is first insisted that the trial court erred in refusing the general affirmative charge with hypothesis, requested by the defendant. This contention is predicated on the proposition that the testimony of defendant's engineer, who was operating the engine at the time of the infliction of the injury, is not in conflict with the testimony of Walden, a witness examined in behalf of plaintiff, who was an eye witness to the occurrence. In

this defendant's counsel are mistaken. Walden says that his attention was attracted to the occurrence by "the engineer blowing the whistle and trying to get the cow off" the track. "The engine was seventy-five or one hundred yards from the cow when I first saw her." He also says "that the cow was on the track when I first saw her, and that she ran fifteen or twenty steps before the train struck her." He further says "it looked like she run down the road, and when she did, the engineer threw the throttle wide open and increased the speed of the train and struck her."

If this testimony is to be believed a plainer case of negligence on the part of the engineer could scarcely be proven. The engineer, however, denies all this. He testified in substance that the cow suddenly came from behind a pile of lumber within ten or fifteen feet of the track, which hid her from his view, when his engine was about one hundred and fifty feet away, traveling at a rate of speed of twenty miles per hour, and that as soon as he discovered that she was going upon the track he applied all the necessary means at hand to stop his train, and that it was impossible to do so, although it was equipped with all the modern appliances. He, however, did, he says, reduce the speed to about ten miles an hour before striking her. He also says the cow only ran down the track about five feet before she was struck.

Clearly this conflict between the testimony of these two witnesses was a matter for the jury and not for the court. The charge was properly refused. Charge No. 6 was also properly refused.

Under the evidence, it cannot be affirmed as a fact, free from adverse inference, that the engineer was, at the time and just before the cow was struck, keeping a look-out for obstructions on the track. The track is shown to have been straight for more than a mile, and if it be true that the cow was seen, as Walden testified, by the engineer some seventy-five or one hundred yards before overtaking her, the inference may be indulged that he was not keeping a look-out for obstructions as asserted by the charge. Moreover, the charge was misleading. It was calculated to induce the jury to the belief that the engineer was under no duty to keep a look-

[Birmingham Southern Railroad Company v. Gunn, Admr.]

out for the cow if she was not on the track, though in close proximity thereto. Besides the form of the charge was bad. It did not predicate a finding by the jury of the fact asserted in it, although it hypothesized their belief of the evidence.

We do not think the trial court erred in refusing the motion for a new trial. The case was clearly one for the jury and their verdict, in our opinion, ought not to be disturbed.

Affirmed.